IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDA J. MARCUS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **2:03cv1790** |
| ) | **Electronic Filing** |
| METROPOLITAN LIFE ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

AND NOW, this 27th day of January, 2006, after de novo review of the record and upon due consideration of the magistrate judge's report and recommendation filed on December 12, 2005, and defendant's objections thereto, IT IS ORDERED that defendant's motion for summary judgment (Doc. No. 27) be, and the same hereby is, granted in part and denied in part. The motion is granted as to Count II in plaintiff's amended complaint and denied as to Count I in plaintiff's amended complaint. As noted by plaintiff, Count III in the original complaint was not re-stated in the Amended Complaint; and

IT FURTHER IS ORDERED that plaintiff's motion for summary judgment (Doc. No. 21) be, and the same hereby is, granted in part and denied in part. The motion is granted as to Count I because MetLife's termination of plaintiff's disability benefits was arbitrary and capricious under an arbitrary and capricious standard of review even without consideration of the slightly heightened standard from the sliding scale approach reflected in Pinto v. Reliance Standard Life Ins. Co., 214 F.3d 377 (3d Cir. 2000). The motion is denied as to Count II. The magistrate judge's report and recommendation (Doc. No. 41) as augmented herein is adopted as the opinion of the court.

Defendant's objections are without merit. First, as aptly demonstrated in the magistrate's report, defendant's denial of benefits was arbitrary and capricious under any applicable standard of review. Highlighting various symptoms and conditions that were only peripheral to the central conditions causing plaintiff's disability and focusing on certain tests and treatments or the lack

thereof as "unconventional" or "unusual" while ignoring or dismissing the vast array of affirmative test results from accepted diagnostic testing methods, as well as repeated findings and medical assessments by a specialized treating physician and a consulting internist, does not render the medical evidence supporting plaintiff's permanent disability lacking in objective evidence or unsupported by objective findings. And as the record clearly demonstrates, Dr. Kerry's assessments and forms of treatment were well supported by the actual medical evidence generated from the ongoing treatment of plaintiff's main disabling conditions, which medical evidence was made available to defendant.

Furthermore, when the various forms of acceptable treatment for those conditions that were actually tried are taken into account, the criticisms and proposed alternative forms of treatment referenced by defendant's reviewing physicians fall far short of creating any true conflicts in the medical evidence as a whole. Exploring additional forms of testing and treatment after the conventional ones do not provide meaningful improvement or are unavailable due to the specific symptoms and reactions of plaintiff does not supply a basis to discredit the comprehensive body of previously generated medical evidence supporting the existence and disabling nature of plaintiff's chemical sensitivity, autoimmune disease and chronic fatigue syndrome impairments, which were further exacerbated by the presence of autoimmune thyroiditis and chronic Lyme Disease. Nor does an ad hominem attack on the treating physician supply such a basis.

The magistrate judge reviewed the medical evidence supplied to defendant and recognized that it consistently substantiated the treating and consulting physicians', the Social Security Administration's and defendant's original determination that plaintiff suffered from disabling conditions that had failed to respond to treatment. She also aptly pointed out that the subsequent medical evidence considered by defendant re-confirmed plaintiff's disabling impairments and did not reflect any improvement or resolution in plaintiff's conditions and symptoms. In short, it is not a substitution of judgment to point out in detail why the medical evidence verifies the presence of disabling conditions that support the original opinions/findings of disability and why the efforts to undermine that medical evidence are based on an arbitrary and

capricious reading of the record that is unsupport by substantial evidence.

*DJ Cercone*

David Stewart Cercone
United States District Judge

cc: Honorable Amy Reynolds Hay
United States Magistrate Judge

Tybe A. Brett, Esquire
Picadio, McCall, Miller & Norton
600 Grant Street
4710 USX Tower
Pittsburgh, PA 15219

Veronica W. Saltz, Esquire
Saltz Polisher P.C.
993 Old Eagle School Road
Suite 412
Wayne, PA 19087